UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHELE ANGELIQUE METCALF,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SEDRO-WOOLLEY,<br><br>Defendant et al. | CASE NO. 2:24-cv-1842-JNW<br><br>ORDER |

Defendants City of Sedro-Woolley, Sedro-Woolley Police Department, Brock D. Stiles, Andrea Tsivgadellis, David Kosa, James M. Zachor, Rachael Humberg, and Seth Bass (collectively, "Sedro-Woolley Defendants") removed this case from Skagit County Superior Court on November 7, 2024. Dkt. No. 1. On November 14, 2024, Defendant Paul Nielson and Sedro-Woolley Defendants moved to dismiss. Dkt. Nos. 5, 7. In response, Plaintiff Michele Angelique Metcalf moved to amend under Rule 15(a)(2) on December 4, 2024. Dkt. No. 10 at 1. The Sedro-Woolley Defendants oppose amendment, arguing that Metcalf cannot cure the deficiencies in her complaint, and she failed to attach a copy of the proposed amended pleading to her motion. Dkt. No. 16 at 1.

**ORDER** - 1

Under Rule 15(a)(1)(B), "[a] party may amend its [complaint] once as a matter of course no later than: . . . 21 days after service of a motion under Rule 12(b)[.]" Because Defendants moved to dismiss under Rule 12(b) on November 14, Metcalf had until December 5 to amend as a matter of course.

Rather than file an amended complaint directly, Metcalf moved to amend, seeking unnecessary permission form the Court. But Metcalf is representing herself, and the Court must liberally construe any document filed *pro se* to do justice. *Erickson v. Pardus*, 551 U.S. 89, 94, (2007). Thus, the Court will allow Metcalf to file an amended complaint as a matter of right, without submitting a proposed pleading. The Court GRANTS Metcalf's motion to amend and ORDERS her to file the amended complaint by no later than January 21, 2025.

The Court also STRIKES as moot Nielson and the Sedro-Woolley's motions to dismiss. Generally, "an amended complaint supersedes the original complaint and renders it without legal effect." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). "'Courts often apply this rule to motions to dismiss a complaint that has since been superseded and deny such motions as moot.'" *Dahlstrom v. Life Care Centers of Am., Inc.*, No. 2:21-CV-01465-JHC, 2022 WL 7631419, at *1 (W.D. Wash. Oct. 13, 2022) (quoting *Bisson v. Bank of Am., N.A.*, No. C12-0995JLR, 2012 WL 5866309, at *1 (W.D. Wash. Nov. 16, 2012)). Here, the pending motions to dismiss, along with Metcalf's related motions for leave to file late responses, will be moot when Metcalf files an amended complaint.

In conclusion, the Court GRANTS Metcalf's motion to amend, Dkt. No. 10, and ORDERS her to file the amended complaint by no later than January 21, 2025. The Court also STRIKES Dkt. Nos. 5, 7, 11, and 12.

Dated this 30th day of December, 2024.

Jamal N. Whitehead
United States District Judge

**ORDER** - 3